IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 13-915-SLR |
| | ) |
| DELAWARE FAMILY COURT, | ) |
| DELAWARE SUPERIOR | ) |
| COURT, and ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| DELAWARE, | ) |
| | ) |
|     Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of October, 2013, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner David Buchanan's ("petitioner") "petition for special writ pursuant to 28 U.S.C. § 1651" (D.I. 1) is **DISMISSED** as a second or successive habeas application, for the reasons that follow:

**1. Background.** In 2008, a Delaware Superior Court jury convicted petitioner of resisting arrest, criminal contempt, possession of a deadly weapon by a person prohibited, and carrying a concealed deadly weapon. In 2010, the court denied petitioner's § 2254 application challenging the legality of those convictions. See Buchanan v. Johnson, 723 F. Supp. 2d 727 (D. Del. 2010). Petitioner filed a motion for reargument of that decision, which the court denied. See Buchanan v. Johnson, C.A. 08-639-SLR (D. Del.) at D.I. 69 and D.I. 78. Petitioner then filed a motion to reopen that case pursuant to Fed. R. Civ. P. 60(b)(3) and (6), which the court denied as a

second or successive habeas application. *Id.* at D.I. 92. Thereafter, petitioner filed the instant petition for a "special writ" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (D.I. 1) The petition asserts that "[s]pecific allegations before this court on state prisoner's petition for federal writ of habeas corpus, as captioned, together with issues included in the appeal of Bankruptcy Court's orders, show reason to believe that petitioner may, if facts are fully developed, be able to demonstrate he is confined illegally and is therefore entitled to relief." (D.I. 1 at 1)

**2. Standard of Review.** Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of § 2244 if the prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

**3. Discussion.** In his petition, petitioner asks this court to issue a special writ under § 1651 "to aid in its jurisdiction in reviewing the issues as a whole" or, in other words, to develop the facts more fully. (D.I. 1 at 8) Petitioner asserts several "errors" that occurred with respect to his state convictions and, citing § 1651, appears to ask the court to conduct a further factual inquiry into the legality of the Delaware Family Court's

2

criminal contempt order.

4. The All Writs Act provides that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In *Harris v. Nelson*, the Supreme Court held that a district court could fashion such discovery procedures under the All Writs Act as it deems necessary to ensure meaningful adjudication of claims when that court is exercising its habeas jurisdiction. *Harris v. Nelson*, 394 U.S. 286, 300 (1969)("It has been recognized that the courts may rely upon this statute [28 U.S.C. § 1651] in issuing orders appropriate to assist them in conducting factual inquiries.").

5. Here, the court's habeas jurisdiction ended when it denied petitioner's first habeas application. Therefore, petitioner's reliance on the All Writs Act is unavailing, because invoking the Act to fashion a discovery procedure would not be in furtherance of already existing habeas jurisdiction. *Id.*; *cf. In re Hill*, 437 F.3d 1080, 1083 (11th Cir. 2006)(explaining that the All Writs Act does not make a request for a stay an independent civil action under 28 U.S.C. §1331).

6. In addition, although the instant filing is couched in terms of § 1651, petitioner is really challenging the legality of his state convictions. As such, the instant § 1651 petition is, in essence, a new application for habeas relief under § 2254. While this construction of petitioner's § 1651 filing as a § 2254 application may seem to solve the lack of existing habeas jurisdiction mentioned above, it does not. Rather, because petitioner's instant request constitutes an application for habeas relief filed after the denial of a prior habeas application, the court will only have jurisdiction to review the

instant habeas request if it does not constitute a second or successive habeas application for § 2244 purposes. See Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d Cir. 2005).

7. To begin, petitioner has already requested, and has been denied, habeas relief with respect to the same September 2008 convictions on two prior occasions. See Buchanan v. Johnson, 723 F. Supp. 2d 727 (D. Del. 2010); Buchanan v. Johnson, 2011 WL 4344347 (D. Del. Sept. 15, 2011)(denial of petitioner's motion for reargument); Buchanan v. Johnson, Civ. No. 11-938, Mem. Order (D. Del. Dec. 9, 2011)(denial of second habeas application). Additionally, the claims raised in the instant application were either raised, or could have been raised, in petitioner's first application, and the court's denial of petitioner's first application constituted an adjudication on the merits.[1] For these reasons, the court concludes that the instant application does constitute a second or successive application under § 2244.

8. In turn, the record reveals that petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. See 28 U.S.C. § 2244(b)(1). Accordingly, the court dismisses the instant application for lack of

---

[1] The claims in petitioner's first application were denied as procedurally barred due to petitioner's procedural default of the claims in the state courts. In accord with other circuits, the Third Circuit views a dismissal for a procedural default as an adjudication on the merits for the purpose of determining whether a subsequent habeas application is successive or second. See Hernandez v. Diguglielmo, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); Rauso v. Pennsylvania Board of Probation & Parole, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition.")

jurisdiction. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

9. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case and mail a copy of this memorandum order to petitioner at his address of record. The clerk shall also mail a copy of the application and this memorandum order to respondents.

_____
UNITED STATES DISTRICT JUDGE