IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 13-915-SLR |
| | ) |
| DELAWARE FAMILY COURT, DELAWARE SUPERIOR COURT, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**1. Background.** In October 2013, the court denied petitioner's petition for a "special writ" filed pursuant to the All Writs Act, 28 U.S.C. § 1651(a) after concluding that the petition constituted an unauthorized second or successive habeas petition. (D.I. 4) Petitioner filed the instant motion for reargument and/or reconsideration, asking the court to reopen his case. (D.I. 5) Petitioner also filed a motion requesting representation. (D.I. 8)

**2. Standard of Review.** A motion for reargument and/or reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of

circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

3. In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Notably, recent Third Circuit precedent requires district courts to view a Rule 59(e) motion as lying "outside the reach of the jurisdictional limitations that AEDPA imposes upon multiple collateral attacks." *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011). In other words, Rule 59(e) motions to amend or alter judgment are materially different from Rule 60(b) motions, such that a Rule 59(e) motion does not constitute a second or successive habeas application even if it advances a habeas claim. *Id.* at 413.

4. Nevertheless, the scope of a Rule 59(e) motion is extremely limited, and may not be used as an opportunity to relitigate the case. *Id.* at 415.

5. **Discussion.** Petitioner has not identified the authority by which he is

2

seeking reargument and/or reconsideration. However, because petitioner filed the instant motion within 28 days after the entry of the court's judgment,[1] the court will treat the motion as filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

6. In his motion, petitioner asks that the court reopen his case and asserts that the court can review a second or successive habeas application under the "miscarriage of justice" exception to the procedural default doctrine. (D.I. 5 at 1) He then proceeds to argue that the State "bootstrapped a criminal indictment and prosecution to a federal bankruptcy case to overcome federal jurisdiction, then created other charges to expand that indictment after learning that the Federal Bankruptcy Court's final order pursuant to 11 U.S.C. § 554(d) ends the issues between the parties of divorce, for which the State has proceeded without due process to assist in collection of property that ex-wife failed to claim in the federal courts." (D.I. 5 at 2) In essence, petitioner appears to be arguing that the Delaware courts never had jurisdiction to pursue criminal charges against him, thereby demonstrating that he was illegally arrested, convicted and

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The judgment in this case was entered on October 15, 2013. (D.I. 4) The instant motion is dated October 19, 2013, and was docketed on October 24, 1013. (D.I. 5) Both dates fall well within the twenty-eight (28) day period provided for in Rule 59(e).

incarcerated. (D.I. 5 at 2; D.I. 11)

7. Petitioner also states that he "has a right to due process afforded on appeal of the bankruptcy case, where actual innocence will be proved, which can serve as a gateway through which [he] may pass to achieve relief equivalent to habeas corpus [] pursuant to § 1651." (D.I. 5 at 5)

8. Petitioner's argument is unavailing. Contrary to petitioner's assertion, the "miscarriage of justice exception" to the procedural default doctrine does not permit a district court to review an unauthorized second or successive habeas application. Rather, a petitioner must present his "miscarriage of justice exception" argument to the court of appeals as a ground for obtaining permission to file a second or successive habeas application. See Clay v. Sobina, 2007 WL 2198601, at *3 (W.D. Pa. June 7, 2007). Accordingly, the court concludes that the instant Rule 59(e) motion does not warrant reconsideration of its decision denying as second or successive petitioner's petition for special writ filed pursuant to 28 U.S.C. § 1651(a).

9. Having decided to deny the instant Rule 59(e) motion, the court will deny as moot petitioner's motion for representation. (D.I. 8)

10. Finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

**11. Conclusion.** For the above reasons, the court will deny the instant Rule

59(e) motion. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: July 3, 2014

_____
UNITED STATES DISTRICT JUDGE